IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHELLE STARNO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-821-GPM |
| | ) |
| BAYER CORPORATION, an Indiana corporation, BAYER HEALTHCARE PHARMACEUTICALS, INC., a Delaware corporation, and BAYER HEALTHCARE, LLC, a Delaware corporation, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court has reviewed sua sponte the allegations of federal subject matter jurisdiction contained in the complaint in this cause. *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Strother v. Bayer Corp.*, Civil No. 09-740-GPM, 2009 WL 3065080, at *1 (S.D. Ill. Sept. 23, 2009); *Mathes v. Bayer Corp.*, Civil No. 09-630-GPM, 2009 WL 2601364, at *1 (S.D. Ill. Aug. 24, 2009). *Cf. Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1090-91 (S.D. Ill. 2007). In this action Plaintiff Michelle Starno asserts claims against Defendants Bayer Corporation ("Bayer"), Bayer Healthcare Pharmaceuticals, Inc. ("Bayer Healthcare"), and Bayer Healthcare, LLC ("Bayer LLC"), arising from personal injuries she allegedly suffered as a result of using Yaz/Yasmin, a prescription drug manufactured by Bayer, Bayer Healthcare, and Bayer LLC. Starno alleges claims for strict products liability, negligence, and breach of express and implied warranties, and seeks compensatory damages.

The basis for federal subject matter jurisdiction alleged in the complaint in this case is diversity of citizenship, which requires, of course, that there be complete diversity of citizenship among the parties, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *Brown v. Bayer Corp.*, Civil No. 09-760-GPM, 2009 WL 3152881, at *2 (S.D. Ill. Sept. 28, 2009); *Peoples Nat'l Bank, N.A. v. American Coal Co.*, Civil No. 09-761-GPM, 2009 WL 3065198, at *1 (S.D. Ill. Sept. 23, 2009); *S.C. Johnson & Son, Inc. v. Buske*, Civil No. 09-286-GPM, 2009 WL 3010833, at *2 (S.D. Ill. Sept. 17, 2009); *Welch v. Norfolk S. Ry. Co.*, Civil No. 09-209-GPM, 2009 WL 2365596, at *1 n.1 (S.D. Ill. May 27, 2009); *Reynolds v. Schucks Mkts., Inc.*, Civil No. 09-334-GPM, 2009 WL 2259251, at *1 (S.D. Ill. May 19, 2009) (citing *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 998 (S.D. Ill. 2007)).[1] Starno, as the proponent of federal subject matter jurisdiction in this case, bears the burden of proof as to the existence of such jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)); *Hudson v. Bayer Corp.*, Civil No. 09-744-GPM, 2009 WL 3065082, at *1 (S.D. Ill. Sept. 23, 2009); *Sencon Sys., Inc. v. W.R. Bonsal Co.*, No. 85 C 8250, 1988 WL 33842, at *9 (N.D. Ill. Apr. 6, 1988) (citing *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 251 (7th Cir. 1981)).

---

1.  Curiously, Starno's complaint also alleges the existence of federal subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. However, the Court discerns no basis for so-called "federal question" jurisdiction in this case, *see Kalbfleisch v. Columbia Cmty. Unit Sch. Dist. Unit No. 4*, Civil No. 09-542-GPM, 2009 WL 2392724, at **1-4 (S.D. Ill. Aug. 5, 2009); *Bourda v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-181-GPM, 2009 WL 2345117, at *2 (S.D. Ill. May 19, 2009), and the Court's supplemental jurisdiction is inapplicable in cases brought in diversity jurisdiction. *See* 28 U.S.C. § 1367(b); *Sampson v. Yellow Cab Co.*, 55 F. Supp. 2d 867, 869 (N.D. Ill. 1999); *Karonis Enters., Inc. v. Commercial Union Ins. Co.*, No. 94 C 1092, 1994 WL 722025, at *8 (N.D. Ill. Dec. 29, 1994).

Turning then to an examination of the allegations of federal diversity jurisdiction in Starno's complaint, the Court finds that Starno has properly alleged that Bayer is a corporate citizen of Indiana and Pennsylvania for diversity purposes and that Bayer Healthcare is a corporate citizen of Delaware and New Jersey for diversity purposes. *See* 28 U.S.C. § 1332(c)(1); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006) (the citizenship of a corporation for diversity purposes is the state where the corporation is incorporated and the state where it maintains its principal place of business, meaning the state where the corporation maintains its headquarters or "nerve center"). Unfortunately Starno fails to allege her own citizenship for diversity purposes. Also, with respect to Bayer LLC, Starno alleges only that Bayer LLC, is a Delaware limited liability company ("LLC") with its principal place of business in New York. Finally, Starno does not allege that an amount in excess of $75,000, exclusive of interest and costs, is in controversy in this case. Thus, Starno must amend her complaint to allege her own citizenship for diversity purposes, which is determined, of course, by the state where Starno is domiciled, that is, physically present with an intent to remain there indefinitely. *See O'Neill v. Pointer*, Civil No. 09-704-GPM, 2009 WL 3156687, at *1 (S.D. Ill. Sept. 25, 2009); *Willis v. Greenpoint Mortgage Funding, Inc.*, Civil No. 09-593-GPM, 2009 WL 2475285, at *1 (S.D. Ill. Aug. 11, 2009); *Ball v. Ball*, Civil No. 09-405-GPM, 2009 WL 1515299, at *1 (S.D. Ill. June 1, 2009); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006).[2] Also, Starno must amend her complaint to allege the citizenship of each member

---

2. It perhaps is worth noting that Starno must allege that she is a citizen of a state, not a resident of a state. *See Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996)) ("It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'"); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (in a diversity action, "when the parties allege residence but not citizenship, the only proper step is to dismiss the litigation for want of jurisdiction.").

of Bayer LLC. *See Bankcroft v. Bayer Corp.*, Civil No. 09-787-GPM, 2009 WL 3156706, at *2 (S.D. Ill. Sept. 29, 2009) (the citizenship of an LLC for diversity purposes is the citizenship of each of the LLC's members); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1039, 1040 (S.D. Ill. 2006) (same). In her amended complaint Starno must identify: (1) the state of which any natural person who is a member of Bayer LLC is a citizen, meaning, as noted, the state where that person is domiciled, that is, physically present with an intent to remain there indefinitely; (2) the state where any corporation that is a member of Bayer LLC is incorporated and the state where the corporation maintains its principal place of business, defined, as noted, as the state where the corporation has its headquarters or nerve center; (3) the state of citizenship of the trustee or trustees of any trust that is a member of Bayer LLC, unless the law under which the trust is organized permits the trust to sue and be sued in its own name, in which case the citizenship of the trust is that of its beneficiary or beneficiaries; and (4), if any member of Bayer LLC is a partnership, LLC, or other unincorporated association, the citizenship of every member of such an association. *See Bean v. Bayer Corp.*, Civil No. 09-747-GPM, 2009 WL 3065090, at *2 (S.D. Ill. Sept. 23, 2009); *Ham v. Bayer Corp.*, Civil No. 09-762-GPM, 2009 WL 3065101, at *2 (S.D. Ill. Sept. 23, 2009); *B & R Oil Co. v. Imperial Enters. of Ill., LLC*, Civil No. 09-257-GPM, 2009 WL 1867677, at *1 n.1 (S.D. Ill. June 29, 2009) (collecting cases).[3] Lastly, Starno must amend her complaint to allege that an amount in excess of $75,000, exclusive of interest and costs, is in controversy in this case.

---

3. The online records of LLCs maintained by the office of the Illinois Secretary of State at http://www.cyberdriveillinois.com/departments/business_services/corp.html, which the Court can judicially notice, *see Naughton v. Bayer Corp.*, Civil No. 09-745-GPM, 2009 WL 3065084, at *2 n.2 (S.D. Ill. Sept. 23, 2009); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006), show that the only member of Bayer LLC is Bayer. If so, Bayer LLC is a citizen of Indiana and Pennsylvania for diversity purposes.

To conclude, Starno is hereby **ORDERED** to file an amended complaint in accordance with this Order not later than 12:00 p.m. on Friday, October 16, 2009.  Failure to file an amended complaint as herein ordered will result in the dismissal of this case for lack of federal subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3); *Ball v. Morgan Stanley & Co.*, Civil No. 09-406-GPM, 2009 WL 1708791, at **1-2 (S.D. Ill. June 17, 2009); *Ball v. Southwest Fiduciary, Inc.*, Civil No. 09-194-GPM, 2009 WL 1708764, at *2 (S.D. Ill. June 17, 2009).[4]

**IT IS SO ORDERED.**

DATED:  October 7, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

4.    As a final matter, the Court notes that the jurisdictional allegations of Starno's amended complaint should not be made "on information and belief."  *See B & R Oil*, 2009 WL 1867677, at *2; *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006).